UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-80652-RAR

**MAYFLOWER TRANSIT, LLC**,

    Plaintiff,

v.

**MAYFLOWER RELOCATION
SERVICES, LLC**,

    Defendant.

_____/

**CONSENT JUDGMENT AND PERMANENT INJUNCTION
AGAINST MAYFLOWER RELOCATION SERVICES, LLC**

**THIS CAUSE** comes before the Court upon the parties' Notice of Settlement and Agreed Motion for Entry of Consent Final Judgment ("Motion") [ECF No. 13], filed on June 8, 2022. Plaintiff Mayflower Transit, LLC ("Mayflower") and Defendant Mayflower Relocation Services, LLC ("Defendant") having settled this action on terms agreeable to all parties, and pursuant to the terms of their Settlement Agreement [ECF No. 13-1], it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Pursuant to the Parties' Settlement Agreement, Defendant has stipulated to, and the Court finds that Defendant has admitted to, the following:

    a. Mayflower is the owner of valid trademark rights in connection with the MAYFLOWER mark as alleged in the Complaint.

    b. Mayflower is the owner of the United States federal trademark registration for the standard character mark MAYFLOWER in connection with transportation and storage services (Reg. No. 1,480,035).

    c.    Mayflower is the owner of the United States federal trademark registration for the stylized mark MAYFLOWER (**MAYFLOWER**) in connection with transportation and storage services (Reg. No. 1,480,037).

    d.    Mayflower is the owner of the United States federal trademark registration for the stylized mark MAYFLOWER (*Mayflower*) in connection with transportation and storage of goods (Reg. No. 3,698,579).

    e.    Defendant's use of the name "Mayflower Relocation Services" and the domain name movewithmayflower.com infringes Mayflower's rights in the MAYFLOWER trademark as alleged in the Complaint because the close similarity of Defendant's marks and the MAYFLOWER trademark, as well as the similarity of the parties' services, among other factors, creates a high likelihood of confusion among relevant purchasers as to the source or affiliation of Defendant's services.

2.    In light of Defendant's admissions , and pursuant to 15 U.S.C. § 1116 and Federal Rule of Civil Procedure 65, Defendant, its agents, heirs, successors and assigns, and any individual or company controlled or affiliated with Defendant, or acting on behalf of or in concert with Defendant, are permanently enjoined from using the term "Mayflower," or any other mark owned by Mayflower or any of its affiliates, including but not limited to UniGroup and United Van Lines, Inc. and including, without limitation, the registered trademarks set forth in Attachment A to the Settlement Agreement, or any confusingly similar mark, as (or as part of) a name, logo, trade name, trademark, service mark, email address, domain name, Internet Uniform Resource Locator, fictitious name, or corporate registration; from falsely representing itself as being connected with Mayflower or any of its affiliates, through sponsorship or association; or engaging in any act that is likely to falsely cause members of the purchasing

public to believe any services of Defendant are in any way endorsed by, approved by, and/or associated with Mayflower or any of its affiliates; and from otherwise unfairly competing with Mayflower or its affiliates.

3. Upon Mayflower's request, those acting in concert or participation with Defendant who have notice of the injunction, shall cease hosting, facilitating access to, or providing any supporting services to any and all domain names owned by or affiliated with Defendant using the MAYFLOWER trademark, including but not limited to the movewithmayflower.com domain name, or any other marked owned by Mayflower or its affiliates, and any websites through which Defendant engages in the promotion, offering for sale and/or sale of services bearing or using a mark infringing the MAYFLOWER trademark or any other marked owned by Mayflower or its affiliates.

4. The Court will retain jurisdiction and venue over the parties, this Consent Judgment, and the parties' Settlement Agreement so that any disputes or controversies that may arise with regard to any of them shall be exclusively brought before the Court for resolution thereof. Without limiting the generality of the foregoing, either party shall bring any action to enforce any provision of any related settlement agreement solely by filing an action in this Court.

5. The terms of this Consent Judgment and the terms and stipulations of the Settlement Agreement executed by the parties are binding on the parties in any future action and the parties are foreclosed, in any future action, from litigating any of such terms and stipulations.

6. The parties shall bear their own costs and attorneys' fees.

7. This Consent Judgment constitutes a Final Judgment pursuant to Federal Rule of Civil Procedure 58.

8. The Clerk is directed to **CLOSE** the case.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 8th day of June, 2022.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**